IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:23-CR-00205-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON CARMICHAEL,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss the Indictment (Doc. No. 27), in which Defendant argues the Indictment must be dismissed because it violates the Second Amendment under the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). This matter has been fully briefed and is ripe for ruling. For the reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, a court may dismiss an indictment for failure to state an offense where the indictment alleges the defendant violated an unconstitutional statute. *See United States v. Price*, 635 F. Supp. 3d 455, 458 (S.D.W. Va. 2022), *rev'd and remanded on other grounds,* 111 F.4th 392 (4th Cir. 2024) (citing *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012)). However, to warrant dismissal, Defendant must "demonstrate that the allegations therein, even if true, would not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004) (citing *United States v. Hooker*, 841 F.2d 1225, 1227–28 (4th Cir. 1988)).

1

The Fourth Circuit has concluded that a "district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." *United States v. Little*, No. 3:24-CR-00101-FDW-DCK, 2024 WL 4642756, at *2 (W.D.N.C. Oct. 31, 2024) (quoting *United States v. Weaver*, 659 F.3d 353, 355 n.* (4th Cir. 2011)). Further, "a court can accept prior convictions without an evidentiary hearing or jury fact-finding, except where that prior conviction increases a defendant's potential [punishment]." *Id.* at *2; *see also United States v. Erlinger*, 602 U.S. 821, 836 (2024). Here, the Government does not dispute the ability of the Court to reach the motion and has proffered the pertinent facts.

## II. FACTS AND PROCEDURAL HISTORY[1]

On September 19, 2023, a grand jury indicted Defendant Aaron Carmichael on one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). Doc. No. 1 at 1; *see also* Doc. No. 28 at 2. Specifically, in March 2023, Defendant allegedly possessed "a Glock 26 9mm handgun . . . knowing he had previously been convicted of at least one crime punishable by a term of imprisonment exceeding one year." *Id.* With respect to prior convictions, on October 17, 2008, Defendant was convicted of attempted robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon and sentenced to 38-55 months' imprisonment. Doc. Nos. 12 at 1; 28 at 2. On July 29, 2013, Defendant was convicted of assault with a deadly weapon causing serious injury and sentenced to 20-33 months' imprisonment. *Id.* And, on May 19, 2015, Defendant was convicted of being a felon in possession of a firearm and ammunition and sentenced to 72 months' imprisonment and 3 years of supervised release. Doc.

---

[1] Defendant has pled not guilty to the indictment, (Minute Entry, April 3, 2024), and therefore is presumptively innocent at this stage of the proceedings. The stated facts have not been proven at trial and are included solely as background information.

2

Nos. 12 at 2; 28 at 2. After violating supervised release, on July 17, 2021, Defendant was sentenced to 18 months' imprisonment. Doc. No. 12 at 2.

On November 18, 2024, Defendant moved to dismiss the § 922(g)(1) charge against him on constitutional grounds, arguing that, based on the Supreme Court's decisions in *Bruen* and *Rahimi*, the charge violates his Second Amendment rights. *See* Doc. No. 27. The Government filed a response on November 25, 2024. Doc. No. 28. Accordingly, this matter is ripe for review.

### III. DISCUSSION

In his Motion to Dismiss, Defendant argues that the Indictment should be dismissed because, under *Bruen*, the plain text of the Second Amendment protects his conduct—possessing a pistol—and *Rahimi* reinforced that the government must show a historical tradition of regulating such conduct, which he suggests the government cannot do. The challenged statute, 18 U.S.C. § 922(g)(1), criminalizes firearm possession by individuals convicted of a crime punishable by more than one year in prison; it is often referred to as the "felon-in-possession" offense. *Little*, 2024 WL 4642756, at *2 (W.D.N.C. Oct. 31, 2024). The statute reads in relevant part: "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possess in . . . commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1).

As an initial matter, the Second Amendment to the U.S. Constitution states: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Bruen*, the Supreme Court clarified that lower courts had misinterpreted precedent by requiring a "means-end analysis" in Second Amendment cases. 597 U.S. at 19. The Court reaffirmed that *District of Columbia v. Heller*, 554 U.S. 570 (2008), recognized an individual right to bear arms for self-defense based on plain text

3

and history, and rejected "means-end" scrutiny. *Id.* at 22-23. Instead, *Bruen* set a new standard for analysis: when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. *Id.* at 24. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. *Id.* Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Little*, 2024 WL 4642756, at *2 (quoting *Bruen*, 597 U.S. at 24) (citations omitted).

In applying this standard, courts must first decide if the plain text of the Second Amendment covers the regulated conduct. *Bruen* identified a three-part analysis for this purpose: (1) whether the individual challenging the regulation is "part of the people" protected by the Second Amendment, (2) whether the regulated weapons are "in common use" for a lawful purpose, and (3) whether the individual's "proposed course of conduct" is protected by the Second Amendment.[2] *United States v. Price*, 111 F.4th 392, 400 (4th Cir. 2024) (quoting *Bruen*, 597 U.S. at 31) (cleaned up).

<u>As-Applied Challenge to 18 U.S.C. 922(g)(1)</u>

Defendant urges the Court to consider whether § 922(g)(1) is unconstitutional as applied to him based on his criminal history and argues the burden is on the United States to point to a historical analogue supporting disarmament of individuals like him, explicitly rejecting the three-part analysis that makes up the first hurdle set forth in *Bruen*. Doc. No. 27 at 2-3. Defendant interprets *Bruen* to suggest that the plain text of the Second Amendment does not involve an analysis as to whether he is part of "the people" protected by it, but that even if it did, he would be

---

[2] The second and final part of the *Bruen* analysis, deciding whether the government has shown a historical analogue supporting the statute, is analyzed once a Defendant has met the three-part analysis in step one, as identified here.

4

protected because "a person's status as a felon does not determine whether he falls within the ambit of Second Amendment protections." Doc. No. 27 at 7. The Court disagrees.

The Fourth Circuit requires that, "in an as-applied challenge to a presumptively lawful firearms regulation, a litigant claiming an otherwise constitutional enactment is invalid as applied to him must show that his factual circumstances remove his challenge from the realm of ordinary challenges." *Hamilton v. Pallozzi*, 848 F.3d 614, 624 (4th Cir. 2017) (quoting *United States v. Moore*, 666 F.3d 313, 320 (4th Cir. 2012)). Defendant's argument necessarily fails because the Second Amendment only protects the right of "law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 544 U.S. at 635; *See Bruen,* 597 U.S. at 60, 81 (recognizing that the Second Amendment allows a variety of gun regulations, including the longstanding prohibitions on the possession of firearms by felons) (Kavanaugh, J., concurring). Indeed, the Supreme Court has cautioned that "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons," and that felon-in-possession laws are "presumptively valid regulatory measures." *Heller*, 544 U.S. at 626-27, n. 26.

While *Price* ultimately left "the open questions regarding as-applied challenges and nonviolent felons" for another day, 111 F.4th at 402, n.4., this Court cannot conclude that Defendant is a nonviolent felon. Here, Defendant has a history of serious and violent felonies including convictions for attempted robbery with a dangerous weapon and assault with a deadly weapon causing serious injury. *See* Doc. No. 12. He is not, therefore, the type of "law-abiding citizen" who is entitled to bear arms for self-protection, nor does he fall into the nonviolent felon gray area left open by *Price*. *See Heller*, 554 U.S. at 626-27, n.26; *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) (upholding § 922(g) conviction of a defendant who had prior felony convictions for selling or delivering cocaine, common law robberies, and assaults with a deadly

weapon on a government official); and *Little*, 2024 WL 4642756, at *4-5 (finding § 922(g)(1) constitutional as applied to Defendant based on Defendant being convicted of being an accessory after the fact to robbery with a deadly weapon and felon in possession of a firearm, concluding he is not "one of the people" protected by the Second Amendment due to his violent felony convictions). Thus, Defendant cannot clear the first hurdle in the three-part *Bruen* analysis. Having so decided, the Court need not and does not reach Defendant's assertion that the government cannot show a historical analogue supporting disarmament of individuals like him.

In sum, Defendant's *Bruen* arguments lack merit, and therefore, his challenge to the constitutionality of § 922(g)(1), and to the validity of the Indictment for violating that statute, will be denied.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss the Indictment (Doc. No. 27) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 11, 2024

Kenneth D. Bell
United States District Judge